IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:05CR3034 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ALEJANDRO ROQUE RAMIREZ, | ) | |
| a/k/a ESAUL MIRANDA, | ) | |
| | ) | |
| Defendant. | ) | |

The defendant, found in a car with a whole bunch of dope, wants to offer the testimony of a well-credentialed sociologist that "it is not unusual for immigrants, especially Hispanic immigrants, to arrange for transportation to travel across the country to try to find work or to visit friends by making arrangements with persons that they have just met." (Filing 42 ¶ 3 (Affidavit of Rebecca Smith, counsel for the defendant).) The defendant seeks a pretrial determination that I will allow such testimony. While I will provide the defendant with a pretrial ruling, it will not please him.

In short, and assuming (without deciding) that the testimony is admissible under Daubert principles and otherwise, the probative value of this very general testimony is nil. Moreover, because the testimony amounts to little more than a recitation of ethnic or cultural stereotypes, it has the real potential to prejudice, mislead or confuse the jury. Still further, this testimony screams an invitation to the government to pursue similar but far more unflattering ethnic or cultural stereotypes when cross-examining the expert. All in all, I should and I will exercise my discretion to preclude this testimony should it be offered at trial. See, e.g., United States v. Bahena-

Cardenas, 411 F.3d 1067, 1078-79 (9th Cir. 2005) (expert offered to testify about Mexican transborder culture and the propensity to give false information on official documents; affirming the decision to preclude such testimony and stating that refusing to allow expert testimony that would encourage or require jurors to rely on cultural stereotypes is not an abuse of discretion); United States v. Verduzco, 373 F.3d 1022, 1034 (9th Cir. 2004) (holding that it was not an abuse of discretion to exclude expert witness testimony regarding drug cultures); Jinro America Inc. v. Secure Investments, Inc., 266 F.3d 993, 1007 (9th Cir. 2001) ("Allowing an expert witness in a civil action to generalize that most Korean businesses are corrupt, are not to be trusted and will engage in complicated business transactions to evade Korean currency laws is tantamount to ethnic or cultural stereotyping, inviting the jury to assume the Korean litigant fits the stereotype."); United States v. Rubio-Villareal, 927 F.2d 1495, 1502 n. 6 (9th Cir. 1991) (holding that it was not an abuse of discretion to reject testimony that "would have shown that [defendant's] failure to register his truck is a common phenomenon in Mexico"), cited section unchanged on review en banc, 967 F.2d 294, 295 (9th Cir. 1992).

IT IS ORDERED that the motion to determine admissibility of expert testimony (filing 42) is granted to the limited extent that the court will make a pretrial ruling, but the motion is otherwise denied. I will exercise my discretion to preclude the testimony on stereotypes should it be offered at trial.

August 19, 2005.    BY THE COURT:

*Richard G. Kopf*
United States District Judge